UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 14-24368-CIV-CMA

| | |
|---|---|
| JAMEKA BROWN<br>and<br>other similarly situated individuals, | )<br>)<br>)<br>) |
| Plaintiff(s), | )<br>)<br>) |
| v. | )<br>) |
| BUDDY BEE CORPORATION d/b/a TAKE<br>ONE LOUNGE, a Florida Corporation,<br>KAREN RALEY and SCOTT COHEN,<br>individually | )<br>)<br>)<br>)<br>) |
| Defendant(s). | ) |

**AMENDED COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

The Brown, JAMEKA BROWN ("Brown"), and other similarly situated individuals, sue the Defendants, BUDDY BEE CORPORATION d/b/a TAKE ONE LOUNGE ("Take One Lounge"), a Florida Corporation, KAREN RALEY ("Raley") and SCOTT COHEN ("Cohen"), individually (herein referred to collectively as "Defendants"), and allege:

**NATURE OF ACTION**

1. This is an action to recover money damages for failure to pay minimum wages, retaliatory discharge and retaliatory actions under the Fair Labor Standards Act, 29 U.S.C. § 201-219 *et seq*.

**PARTIES**

2. Brown is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Brown is a covered employee for purposes of the Act.

3. Take One Lounge is a Florida Corporation, having its main place of business in Miami-Dade County, Florida, where Brown worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

4. Raley, upon information and belief, resides in Miami-Dade County, Florida. Raley is a corporate officer and/or owner and/or manager of Take One Lounge, who had the power to hire and fire employees and determine salaries, who had the responsibility of maintaining employment records and who showed other signs of operational control over significant aspects of Take One Lounge's day-to-day functions during Brown's period of employment ("the relevant time period") and was therefore Brown's employer as defined by 29 U.S.C. 203 (d).

5. Cohen, upon information and belief, resides in Miami-Dade County, Florida. Cohen is a manager of Take One Lounge who ran the day-to-day operations of Take One Lounge for the relevant time period and was responsible for paying Brown's wages and controlled Brown's work and schedule, issued disciplinary warnings and directly supervised all employees, including Brown and was therefore Brown's employer as defined by 29 U.S.C. 203 (d).

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to the Act, 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

7. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Brown occurred within this judicial district and because all Defendants have a principal place of business within the district, reside in the judicial district and because the employment records of Brown are, or have been administered, in Miami-Dade County.

## COUNT I: WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST ALL DEFENDANTS

8. Brown re-adopts each and every factual allegation as stated in paragraphs 1-7 above as if set out in full herein.

9. This action is brought by Brown and those similarly- situated to recover from Defendants unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

10. Take One Lounge is and at all times pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

11. Brown's work for the Defendants likewise affects interstate commerce. Brown was employed by Defendants as a bartender, and through her daily activities, Brown regularly worked with goods that were moved across State lines at any time in the course of business. Brown was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce. Thus, Brown is a covered employee for the purpose of the Act.

12. Raley was an employer of Brown and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that she acted directly or indirectly in the interests of Take One Lounge in relation to the employees of Take One Lounge, including Brown and others similarly situated.  Raley had the power to hire and fire employees and determine salaries, the responsibility of maintaining employment records and showed other signs of operational control over significant aspects of Take One

Lounge's day-to-day functions during Brown's period of employment and is jointly liable for Brown's damages.

13. Raley is and was at all times relevant a person in control of Take One Lounge's financial affairs and can cause Take One Lounge to compensate (or not to compensate) its employees in accordance with the Act.

14. Cohen was an employer of Brown and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly or indirectly in the interests of Take One Lounge in relation to the employees of Take One Lounge, including Brown and others similarly situated.  Cohen was responsible for paying Brown's wages, controlled Brown's work and schedule, issued disciplinary warnings and directly supervised all employees, including Brown and was therefore Brown's employer as defined by 29 U.S.C. 203 (d) and jointly liable for Brown's damages.

15. Cohen is and was at all times relevant a person in control of Take One Lounge's day-to-day financial affairs and can cause Take One Lounge to compensate (or not to compensate) its employees in accordance with the Act.

16. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

17. Defendants employed Brown from approximately June 17, 2007 to June 11, 2014.  For a period of time during her employment, Brown was not paid any wages and/or was not paid at least at the minimum rate of $7.25 established by the law. Defendants' wage payment practices to Brown for this time period did not meet the federal minimum wage law

requirements as Brown was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

18. To justify their unlawful actions during Brown's employment, Defendants claimed to have withheld 9% from the wages it did provide to Brown and those similarly situated under the guise of Internal Revenue Services ("IRS") withholdings. Specifically, Defendants claimed that because it did not accurately "estimate" Brown's tips from May 1, 2013 to December 31, 2013, they were required to do deduct the 9% of Brown's "gross sales to help reduce [Brown's] individual shortfalls, instead of the government required 8%."

19. Defendants also withheld 8% of Brown and other similarly situated employee's wages from January 1, 2014 until the end of her employment under the same false supposition.

20. Defendants, however, failed to inform Brown and other similarly situated employees of the actual IRS regulation which allows that if: "the total tips ***reported*** by all employees …are less than 8% of [the] gross receipts, [the employer] must allocate the difference among the employees who receive tips."

21. Defendants also failed to inform Brown and other similarly situated employees that the IRS did not allow deduction of more than 8% of tips actually reported to Defendants. Defendants unilaterally deducted 9% of tips from May 1, 2013 to December 31, 2013 without approval by the IRS or a written agreement between Defendants and their employees.

22. Pursuant to IRS regulations, Defendants were required to maintain a written report of all cash tips received by any employee that equaled $20.00 or more in a calendar month.

23. Defendants failed to maintain any written report of Brown and other similarly situated employees' tips. Any report maintained by Defendants was falsified by Defendants as

Case No.: 14-24368-CIV-CMA

Brown and other similarly situated employees were allowed to take their tips after their shift ended and were not required to report the amount to either Defendant.

24. Defendants did not require Brown and other similarly situated employees report any tips at any time during their respective employment. Likewise, Brown and other similarly situated employees never reported any tips to Defendants.

25. Defendants' did not record Brown's tips and, in fact, estimated or guessed, the amount of tips she made on any given night without any conferring with Brown or counting her tip bucket. Defendants then deducted the 8% and 9% for "Allocated Tips" from each pay period resulting in a failure to pay to Brown and other similarly situated employee wages and/or a minimum wage.

26. The records, if any, concerning the number of hours and actually worked or tips actually received by Brown and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Brown and other similarly situated employees or written reports of those employees who receive cash tips of $20.00 or more in a calendar month.

27. Defendant violated the record keeping requirements of the Act as well as IRS regulations.

28. Prior to the completion of discovery and to the best of Brown's knowledge, at the time of the filing of this complaint, Brown's good faith estimate of unpaid wages are as follows:

    a.    **Actual Damages:** $26,852.00

<u>Calculation</u>:

$2.34 x 40 (weekly hours) x 70 (compensable weeks in which plaintiff was paid minimum minus tip credit) = $6,552.00

$7.25 x 40 (weekly hours) x 70 (compensable weeks in which plaintiff was paid $0.00 = $20,300.00

    b.    **Liquidated Damages:** $26,852.00

    c.    **Total Damages:** $53,704.00

29. Defendants unlawfully failed to pay Brown minimum wages for the hours and relevant time periods specified above.

30. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Brown and those similarly situated these minimum wages during the relevant time period as set forth above. As such, Brown and those similarly situated are entitled to recover double damages.

31. Defendants willfully and intentionally refused to pay Brown overtime wages as required by the law of the United States as set forth above and remains owing Brown these overtime wages since the commencement of Brown's employment with Take One Lounge.

32. Brown has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Brown and those similarly-situated request that this Honorable Court:

A. Enter judgment for Brown and other similarly-situated and against the Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29

U.S.C. § 201 *et seq*. and other Federal Regulations;

B. Award Brown actual damages in the amount shown to be due for unpaid wages;

C. Award Brown an equal amount in double damages/liquidated damages;

D. Award Brown reasonable attorneys' fees and costs of suit; and,

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

## JURY DEMAND

Brown and those similarly situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:  FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) - RETALIATORY DISCHARGE AGAINST ALL DEFENDANTS

53. Brown re-adopts each and every factual allegation as stated in paragraphs 1 through 52 above as if set out in full herein.

54. Defendants willfully and intentionally refused to pay Brown her legally owed wages as required by the laws of the United States and remain owing Brown these wages as set forth above.

55. 29 U.S.C. § 215 (a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

56. Brown complained about her unpaid wages, including the illegal withholdings to the Defendants on multiple occasions.  In response to Brown's complaints, the Defendants began to limit Brown's schedule directly after she complained.  Defendants then continued to withhold her wages and she was forced to resign her position.

57. The motivating factors, which caused Brown's constructive discharge as described above, were the complaints seeking the payment of owed wages from the Defendants. In other words, Brown would not have been forced to resign her position but for her complaint about unpaid wages.

58. Defendants' constructive discharge of Brown was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Brown has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Brown, requests that this Honorable Court:

A. Enter a judgment against the Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

### COUNT III: FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) - RETALIATION AGAINST TAKE ONE

59. Brown re-adopts each and every factual allegation as stated in paragraphs 1 through 58 above as if set out in full herein.

60. 29 U.S.C. § 215(a)(3) states that it shall be unlawful for any person "to discharge ***or in any manner discriminate against any employee*** because such employee has filed any complaint or instituted or ***caused to be instituted any proceeding under or related to this chapter***, or has testified or is about to testify in such proceeding . . . ." (emphasis added)

61. Brown filed her instituted an action under 29 U.S.C. § 215(a)(3) by filing a Complaint for unpaid wages on November 17, 2014.

62. On or about December 3, 2014 Take One and Raley filed its Answer, Affirmative Defenses, and Counterclaim on behalf of Take One.

63. On January 2, 2014, Take One and Raley filed an Amended Answer, Affirmative Defenses and Counterclaim.

64. In its Counterclaim, Take One filed a cause of action for unjust enrichment against Brown. In essence, Take One's Counterclaim alleged that Brown sold and/or gave alcohol to Take One's patrons and retained the payment for herself while she was employed.

65. Take One filed its Counterclaim with a retaliatory motive and without a reasonable basis in fact and law.

66. Take One willfully and intentionally filed its Counterclaim in retaliation for Brown complaining about her unpaid wages and for filing a Complaint with district court.

67. The motivating factor, which caused Take One to file a Counterclaim against Brown, was Brown's complaints and the seeking of owed wages from the Defendants. In other words, Take One would not have filed its Counterclaim but for Brown's complaint about unpaid wages.

68. Take One's Counterclaim is in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Brown has been damaged.

**PRAYER FOR RELIEF**

**WHEREFORE**, Brown, requests that this Honorable Court:

Case No.: 14-24368-CIV-CMA

A. Injunctive relief prohibiting Take One from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, attorney fees, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

**JURY DEMAND**

Brown and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: January 29, 2015

Respectfully submitted,

By:*/s/ Ria N. Chattergoon*
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
Ria N. Chattergoon, Esq.
Fla. Bar. No.:15099
Email: ria@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503.5131
Facsimile:  (888) 270-5549

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By  */s/  Ria N. Chattergoon*

Case No.: 14-24368-CIV-CMA

## SERVICE LIST

**JAMEKA BROWN v. BUDDY BEE CORPORATION d/b/a TAKE ONE LOUNGE, a Florida Corporation, KAREN RALEY and SCOTT COHEN, individually**

**Case No.: 1:14-cv-24368-CMA**

**R. Martin Saenz, Esq.**
FL Bar No.: 0640166
E-Mail: msaenz@saenzanderson.com
Ria N. Chattergoon, Esq.
Fla. Bar. No.:15099
Email: ria@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Attorneys for Plaintiff*

**Jason L. Harr**
Fl Bar No: 0194336
Email: jasonharr@harrlawfirm.com
The Harr Law Firm
1326 South Ridgewood Avenue Suite Twelve
Daytona Beach, Florida 32114
Office telephone: (386) 226-4866
Office telefax: (386) 226-4866
*Attorney for Defendants*
*Buddy Bee Corporation And Karen Raley*