UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-24368-CIV-ALTONAGA/O'Sullivan

**JAMEKA BROWN**,

    Plaintiff,
v.

**BUDDY BEE CORPORATION**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant, Scott Cohen's ("Cohen['s]") Motion for Summary Judgment . . . ("Motion") [ECF No. 87] and Statement of Undisputed Material Facts ("SMF") (Mot. 2–7, ¶¶ 1–32), filed June 29, 2015. Plaintiff, Jameka Brown ("Brown"), filed a Response . . . ("Response") [ECF No. 99] on July 28, 2015, and a Revised Response to Defendant's Statement of Material Facts . . . ("SMF Response") [ECF No. 110] on August 6, 2015; Cohen filed a Reply . . . ("Reply") [ECF No. 114] on August 17, 2015.

This case involves a wage dispute under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Brown alleges she was denied minimum wage and forced to leave her job as retaliation for raising the issue. (*See generally* Am. Compl. [ECF No. 48]). Cohen argues he is entitled to summary judgment because the undisputed facts show: (1) Cohen is not Brown's employer or joint employer under the FLSA; (2) Brown received at least minimum wage for all hours worked; and (3) Brown cannot make a *prima facie* case for retaliation. (*See generally* Mot.).

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant

is entitled to judgment as a matter of law, *see* FED. R. CIV. P. 56(a), (c), drawing all reasonable inferences in favor of the party opposing summary judgment, *see Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000). A review of the parties' briefing, statements of material facts, and papers, shows summary judgment is inappropriate.

Regarding whether Cohen is an employer under the FLSA, the existence of an employment relationship requires a case-by-case determination based on eight factors, *see Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1175–76 (11th Cir. 2012), none of which is determinative and the weight of which depends on the factual situation, *id.* at 1177–78. At best, Cohen concedes he only prevails on six of the eight factors (*see* Mot. 15), whereas Brown argues she can prevail on "at least six of the eight factors." (Resp. 9). The disposition of the *Layton* factors will turn on numerous issues of contested fact, such as the degree and extent of Cohen's supervisory authority (*see* Mot. 11–12; Resp. 6–7), hiring and firing authority (*see* Mot. 13; Resp. 7), and power to determine pay (*see* Mot. 12–13; Resp. 7). Summary judgment on this issue is clearly not appropriate. *See* FED. R. CIV. P. 56(a), (c).

As to whether Brown was paid minimum wage, Cohen argues Brown "cannot establish that she worked for less than the minimum wage in any workweek in the relevant period of time." (Mot. 15 (citing *Walters v. Am. Coach Lines of Miami, Inc.*, 569 F. Supp. 1270, 1300 (S.D. Fla. 2008) (describing the calculation required to resolve a dispute regarding the payment of minimum wage))). Brown argues the practice of deducting eight or nine percent of her gross sales as tips led to her receiving less than the minimum wage for at least 70 weeks during her employment. (*See* Resp. 9–10; Am. Compl. ¶ 25). In neither the Motion nor the Reply does Cohen reference the number of weeks Brown worked, the number of hours per week she worked, nor the amount she was paid in any week. *See Walters*, 569 F. Supp. at 1300. In short, he fails

to establish there is no genuine issue regarding these material facts.  *See* FED. R. CIV. P. 56(a), (c).

On Brown's *prima facie* case for retaliation, given the general timing of the complaints and termination (*see* SMF Resp. ¶¶ 1, 32), the matter boils down to whether or not Brown can show the articulated, non-retaliatory grounds for her dismissal are a pretext.  (*See* Mot. 17).  Cohen argues he "has legitimate, nonretaliatory reasons for his action, *i.e.*, Plaintiff was separated from employment as a result of her theft." (*Id.*).  In contrast, Brown asserts the purported theft was a result of a promoter not paying his tab, which Brown paid on his behalf and was in turn promptly repaid by the promoter in front of Cohen and even in Cohen's office. (*See* SMF Resp. ¶¶ 19–20).  Regarding the other alleged non-retaliatory reasons, Brown denies any wrongdoing and argues she did not do anything the other bartenders did not.  (*See id.* ¶ 19). These are clearly disputed issues of material fact rendering summary judgment on this issue inappropriate.

Accordingly, it is

**ORDERED AND ADJUDGED** that Cohen's Motion **[ECF No. 87]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 20th day of August, 2015.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record